OVERTON, J.
One of the defendants herein, the Lebermuth & Israel Planting Company, Limited, owned, in the year 1899, a sugar plantation, in the parish of St. James, upon which was located a sugar refinery. In that year, the company conceived the idea of building and operating a narrow gauge railroad across some five or six plantations to its sugar refinery for the purpose of transporting cane to it. The company made application to the owners of these plantations for a right of way, and obtained it. Mrs. Simoneaux, the plaintiff herein, was one of the owners to whom application was made. Her plantation adjoins that of the Lebermuth & Israel Planting Company, Limited, and lies between it and the remaining- plantations mentioned. Upon application being made to her, she executed a deed. *692 by private act, conveying to the Lebermuth & Israel Planting\Company, Limited, a right of way across her property. vThe only consideration expressed, in so many words, as such, is $1, which was acknowledged to have been paid. Having obtained the right of way desired, the Lebermuth & Israel Planting Company, Limited, constructed the narrow gauge railroad that it had in contemplation. The railroad was completed during the fallowing year — that is, during Í900— in time to transport the cane crop of that year, and began operations at once.
In 1904, the Lebermuth & Israel 'Planting Company, Limited, sold to the Salsburg Refining Company, Limited, the remaining defendant herein, that part of its plantation upon which is located the sugar refinery, and sold it also the railroad and its appurtenances, including the right of way, above mentioned. From the time the^ railroad began operations, until 1910, plaintiff used it to transport her cane crops to the refinery. From the autumn of that year, however, until the trial of this case, she used other means to move her crop.
In the spring of 1920, nearly 20 years after the railroad had begun operations, plaintiff brought this suit for the purpose of annulling the right of way granted by her, and, in the alternative, of having it declared forfeited, and for the purpose of having the railroad' removed from her property, and of recovering $2,500 damages for the invasion of her property rights and the obstruction of the drainage on her plantation.
One of the grounds upon which reliance is Xilaced by plaintiff to annul the grant made by her is that the right of way conveyed so far exceeds, in value, the consideration of $1, the only consideration recited in the act, that the transaction is null as a sale, and is, in fact, nothing more than a donation in disguise, and as such is null for want of form, as it was not passed before a notary and two witnesses. This contention is based, in part, on article 2464 of the Civil Code, which provides, among other things, that the price in a sale must not be out of all proportion to the value of the thing sold, and that the sale, for instance, of a plantation for a dollar, should not be deemed a fair sale, but a donation in disguise, and, in part, upon article 1536 of the Civil Code, which provides that all donations inter vivos of immovable property and incorporeal things shall be made by act passed before a notary public and two witnesses, under the penalty of nullity, if not so passed.
On the trial of the case, the defendants offered evidence, the purpose of which was to show the benefits that plaintiff had actually received, and would naturally be expected to receive, by executing the act. This evidence was offered to show the real consideration for the right of way. It was objected to by plaintiff, on the ground that parol evidence is not admissible to vary, add .to, or in any way alter a written contract, when there is no allegation of fraud or of error in the making of the contract. There was no such allegation. As the trial judge felt doubtful as to the admissibility of the evidence, he thought it safer to admit it, but, in deciding the case, concluded that it was inadmissible, and therefore gave it no weight, and gave none to anything tending to show that the true consideration was other or more than the $1 recited in the deed. As our brother found that $1 was no consideration at all for the right of way, and as he also found that the act was not valid as a donation, he annulled it.
We think that the act on its face shows that the $1 recited in it, as the consideration, was only nominally such, and that, in fact, the real consideration was the benefits that plaintiff expected to receive from the construction and operation of the road. To show this, we reproduce, in this connection, those parts of the contract bearing on the question of *694 consideration, and give an outline of the remaining parts.
The act, which is signed by the parties thereto, begins by reciting that plaintiff does thereby “sell, cede, transfer, convey and deliver to Lebermuth & Israel Planting Company, Limited, the right of way and passage hereinafter fully described, through the land owned by herself.” Then follows the description of the land over which the right of way is conveyed, and also a statement of the width and depth of the way and passage granted. The act then continues as follows:
“The price and consideration of the present sale is the sum of one dollar, cash in hand paid, the receipt of which is hereby acknowledged.
“It is well understood and agreed that the present sale is made for the purpose of enabling the construction and maintaining a railroad, and that said company shall keep open the necessary drains and culverts through its roadbed or track, so as to drain the said tract of land as same is now drained, and also to keep open the roadways as they are now established on the said tract of land for communication from front to rear. It is also understood and agreed that in the event said railway should ever cease to be used, then the right of way and passage or strip of land conveyed by these presents shall revert to the vendor.”
It appears, we think, from the mere reading of the above instrument, as we have observed, that the real consideration for the conveyance, though not expressly so stated in the act, was the benefits that plaintiff expected to receive from the construction and operation of the road, and that the recited consideration of $1 was merely the nominal consideration. Benefits of this nature constitute a valid and ample consideration for the grant of a right of way. It is therefore unnecessary to consider the evidence offered by defendant to show that which, in our view, the act or instrument, itself, sufficiently shows, and hence unnecessary to consider the objection to the evidence so offered.
The act, technically speaking, is not a sale, for the real consideration is not a price in current money, nor is it a donation, and therefore, being by private act, null for want of form, but is rather the exchange of the right of way for the benefits to be derived from the construction of the road, and as such is perfectly valid.
Plaintiff, as we have heretofore said, also prays, in the event it should be held that the act conveying the right of way is good and valid in form and substance, that it be then decreed that the transfer of the same by the lebermuth & Israel Planting Company, Limited, to the Salsburg Refining Company, Limited, is null and void, for the reason that the right granted is a personal servitude, and therefore not transferable, and that it be then held that the Lebermuth & Israel Planting .Company, Limited, has lost the right of way by nonuser for 10 years.
The record abundantly shows that the railway has been used each year to transfer cane to the sugar refinery-—the only purpose for which the road was constructed. However, from the time of the sale of the railway and refinery, in 1904, to the Salsburg Refining Company, Limited, up to the time of the institution of this suit, in 1920, the railroad was operated by that company and not by the Lebermuth & Israel Planting Company, Limited:
The right granted, whether it be considered a real or a personal servitude, may be sold. If it be considered a real servitude, it passes with, and as an accessory of, the estate for the benefit of which it was granted, and cannot be conveyed otherwise. Civil Code, arts. 654 and 2011. If the right granted be considered a personal Servitude, we think that its sale is authorized by article 2449 of the Civil Code, which provides that, “not only corporeal objects, such as movables and immovables, live stock and produce, may be sold, but also incorporeal things, such as a debt, an inheritance, the rights, titles and interests to an inheritance or to any parts *696 thereof, a serviture or any other rights.” (Italics ours.) There is nothing in article 758, cited by plaintiff, that provides to the contrary, directly or indirectly. All that the article provides is that, unless the contrary be expressly stipulated, a servitude personal to the individual expires with him. If the servitude in contest be considered personal, it can be so considered only in the sense that it is not predial, or in favor of an estate. It cannot be considered personal in the sense of being nonheritable or nontransferable. It is only to personal servitudes that are non-heritable-or nontransferable that article 758 refers.
It is also urged that the right of way should be annulled, not only because of the want of consideration, which question we have passed upon, but also because the right of way was granted for the purpose of constructing a railroad, and that the grantee, instead-of constructing such a road, built a tramway. We are satisfied that the short, narrow gauge railroad that was constructed was all that was contemplated. The complaint, it may be observed, is made rather late — nearly 20 years after the completion of the road. In fact, this ground of attack is merely mentioned in plaintiff’s brief in stating the case.
It is lastly urged that the contract, granting the right of way, should be annulled, because the grantee has not complied with the stipulation in the grant to keep the drains and culverts under its track open. While the grantee and its vendee have not been as diligent in that regard as might have- been expected, yet the evidence does not disclose such d condition as will justify the anulment of the contract. The alleged failure to keep the drains open has also 'been made a ground for damages. No damages were allowed by the lower court. We are not of the opinion that the evidence justifies their allowance.
For the reasons assigned, the'judgment appealed from is annulled, avoided, and set aside, and plaintiff’s demand is now rejected at her cost, in both courts.
Rehearing refused by Division A, composed of O’NIELL, O. J., and ROGERS and BRU-NOT, JJ.