846 So.2d 1283 (2003)
SUSTAINABLE FORESTS, L.L.C., Plaintiff-Appellant,
v.
Jack Keith HARRISON and Leisa Miller Harrison, Defendants-Appellees.
No. 37,152-CA.
Court of Appeal of Louisiana, Second Circuit.
May 22, 2003.
Donald Wilson, Bossier City, for Appellant.
Thomas T. Townsend, Natchitoches, for Appellee.
Before GASKINS, CARAWAY and DREW, JJ.
DREW, J.
Sustainable Forests, L.L.C. ("Sustainable"), appeals a judgment recognizing its "forest road" right of passage across defendants' land, but prohibiting members of Sustainable's lessee, Grand Bayou South Hunting Club, from using the road. Noticing sua sponte, the peremptory exception of no right of action which had been denied by the trial court, we sustain the exception and grant Sustainable leave to amend its suit.

Facts and Procedural History
Sustainable brought this action against Jack Keith Harrison and Leisa Miller Harrison (the "Harrisons") to prevent the Harrisons from interfering with Sustainable's use of a road right-of-way across their rural tract of land. The Harrisons objected to the use of the road by hunters *1284 crossing their tract in Section 3 to access Sustainable's land in Section 4. The hunters possessed hunting leases from Sustainable.
Sustainable characterized its suit as a possessory action and sought injunctive relief. Sustainable's petition asserts as the basis of its claim, a 1963 road grant (hereinafter the "Servitude Deed") from the Harrisons' predecessor-in-title, Olan B. Davis, to Sustainable's predecessor-in-title, International Paper Company ("IP"). The Servitude Deed described the property now owned by the Harrisons and identified, on an attached plat, a 12-footright-of-way. The Servitude Deed granted IP "an easement for the construction and maintenance of a forest road across" the Davis tract in Section 3.
Sustainable's petition next asserts a 1998 deed (hereinafter the "1998 Deed") from IP to Sustainable conveying the land in Section 4 along with many other tracts of land.[1] Sustainable claimed that on the basis of these title instruments, IP and Sustainable had been in open and continuous possession of the servitude of passage across the Harrison Tract.
In response to the suit, the Harrisons filed certain exceptions, including the exception of no right of action. The Harrisons pointed out to the court that IP's 1998 Deed to Sustainable did not specifically describe the 12-footright-of-way. Therefore, it was urged that the ownership right of the disputed servitude remained in IP. The ruling on the exception was deferred to the trial of the case, and at the close of trial was rejected by the trial court.
After the bench trial, the Harrisons prevailed, nevertheless, on the merits of their defense concerning the limited scope of the "forest road" created by the 1963 Servitude Deed. Citing the Civil Code articles for the interpretation of predial servitudes, the trial court found that at the time of the 1963 transaction, IP acquired the road for its timber operations in Section 4 and not for hunting leases on that property. The trial court concluded:
Therefore, the term "forest road" would not have included hunters. The only way that hunting rights could be included would be by more specific language or by acquisitive prescription.
The trial court also found that there was insufficient evidence supporting Sustainable's alternative claim of acquisitive prescription under Civil Code Article 760 of an expanded use of the servitude across the Harrisons' tract.
Sustainable now brings this appeal.

Discussion
The resolution of this dispute begins with the characterization of the right which was created by the Servitude Deed. The 1963 instrument is entitled "Grant of Roadway Easement." It grants to IP "an easement for the construction and maintenance of a forest road across" the land of Harrison's predecessor-in-title, Davis. The agreement further twice references the right as a right-of-way. The 1963 instrument additionally provided that a one-year period of non-use, instead of the usual ten-year prescription of non-use, would result in the extinction of the servitude.
Most significantly and overlooked by the parties and the trial court, the Servitude Deed does not describe a dominant estate; it only describes a servient estate. There is nothing in the public *1285 records describing IP's land in Section 4 as the dominant estate. From the descriptions of Sustainable's land acquired from IP and the Harrisons' tract as set forth in the petition, and as shown on the plat exhibit in the record, the IP/Sustainable tract is not contiguous to the Davis/Harrison tract. Therefore, although contiguity is not necessary for the creation of a predial servitude (La.C.C. art. 648), its absence in this case may explain why there is no dominant tract described in the 1963 instrument.
In the absence of a description of a dominant estate in the title instrument, this conventional right of passage and access in favor of IP falls within the category of personal servitudes, which the Civil Code defines as a "right of use." La. C.C. art. 639, et seq. In 1963, when the servitude was created, such right of use, although not expressly addressed in the Civil Code, had been recognized in the jurisprudence as a real right. Simoneaux v. Lebermuth & Israel Planting Co., 155 La. 689, 99 So. 531 (1924). The right of use may confer only an advantage that may be established by a predial servitude, such as this right of passage. La. C.C. art. 640. The right of use is a transferable right which the initial grantee may convey to others. La. C.C. art. 643. Nevertheless, the right of use is not a predial servitude because of the absence of a dominant estate, and the distinction between these separate rights is critical in this case.
The 1998 Deed from IP to Sustainable describes large tracts of land, including a large tract in Section 4, which apparently is the land to which the disputed road provides access. The 1998 Deed, however, does not describe IP's right to the personal servitude created in the 1963 Servitude Deed. For this reason, Harrison pled the exception of no right of action in the trial court. The trial court denied the exception, however, apparently in reliance upon the principle set forth in Civil Code Article 650, which is applicable to predial servitudes. Article 650 provides, in pertinent part:
A predial servitude is inseparable from the dominant estate and passes with it. The right of using the servitude cannot be alienated or encumbered separately from the dominant estate.
Under Article 650, since a prior recorded grant of a predial servitude for a right of passage evidences the dominant estate status of a tract listed therein, the predial servitude's benefit is an accessory and passes with the sale of the dominant estate without mention of the prior grant of the predial right of passage. Nevertheless, when the right of passage is granted as a right of use to a juridical person, there is no dominant estate from which the principle of Article 650 may thereafter operate. The person who owns the right of use may convey that right by a deed identifying either the initial deed of origin of the right of use or a description of the land burdened by the right of use, which in this case would be a description of the 12-foot portion of the Harrisons' tract.
In this case, IP has not conveyed its right of use created by the 1963 Servitude Deed to Sustainable.[2] Sustainable's assertion of those two recorded instruments as the basis for its suit therefore demonstrates its lack of right to assert the right of passage across the Harrisons' *1286 tract. The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885, 888. Pursuant to La. C.C.P. arts. 927 and 2164, we choose to notice the peremptory exception, which was rejected by the trial court, and render judgment in this matter on that basis. Moreover, in accordance with La. C.C.P. art. 934, since the grounds for Sustainable's no right of action may be removable depending upon the scope of Sustainable's purchase agreement with IP, our judgment sustaining the exception shall allow Sustainable thirty days from the finality of this judgment to amend its suit and allege its title to the right of use.
Finally, while Sustainable has characterized this action as a possessory action in which title is normally not the issue (La.C.C.P. art. 3661), such characterization does not change our view regarding Sustainable's lack of a legal interest in the subject matter of this litigation. The jurisprudence holds that even though the grantee of a servitude or other real right possesses both for himself and the landowner, he also possesses in another sense for himself alone and may bring a possessory action against the landowner from whose ownership his right is derived. Parkway Development Corp. v. City of Shreveport, 342 So.2d 151 (La.1977); Faust v. Mitchell Energy Corp., 437 So.2d 339 (La.App. 2d Cir.1983). This is somewhat of a different slant upon the more traditional possessory action which pits a possessor of land against another possessor or record title holder of the land. To the contrary, this suit centers on the scope of the original 1963 title instrument. Moreover, the record does not show that Sustainable's intermittent use of the road for over one year prior to this suit was sufficient adverse possession to the Harrisons, who also had the use of the road during the same period. Sustainable's possessory action is against the admitted landowner whose tract is burdened by the asserted servitude as alleged in its petition and therefore rests upon the 1963 Servitude Deed and its 1998 Deed from IP. Finding that the 1998 Deed did not convey the disputed right of use, we hereby grant the peremptory exception of no right of action subject to Sustainable's right to amend under La. C.C.P. art. 934.

DECREE
With costs of this appeal assessed equally to both parties, the peremptory exception of no right of action is GRANTED, and this matter is REMANDED for Sustainable's right to amend.
NOTES
[1] The 1998 deed is actually conveyed by another IP-related entity, IP Timberlands Operating Company, Ltd., which acquired the tract from IP. We will continue to reference both entities throughout as "IP."
[2] Of course, we are aware that Sustainable and IP apparently have a close connexity, as reflected by the 1998 lease between Sustainable and the hunting club, which is written on paper bearing IP's letterhead. Nevertheless, Sustainable and IP are still separate juridical entities.