BROWN, C.J.,
dissent.
_JjIn the case sub judice, the 1984 Act of Exchange, in which the servitude at issue was created, there is no identifiable description of any portion of the dominant estate (Roos), only the servient estate (Wemples). The agreement only states as an identifier that the “right of way and/or servitude of passage for purposes of ingress and egress” was conveyed “unto Ar *274 mand W. Roos, Jr.” .It is clear that the servitude created by the 1984 Act of Exchange was a personal servitude of right.of use, not a predial servitude. See Sustainable Forests, L.L.C. v. Harrison, 37,152 (La.App.2d Cir.05/22/03), 846 So.2d 1283. As such, the servitude, does not run with the land and, instead, must be passed from Armand W. Roos,. Jr., by way of transfer or heirship.
There is nothing in the record to show that Armand W. Roos, Jr., ever transferred his right of use tó any of the signatories, nor is there anything'in the record evidencing any succession proceedings by which Armand W. Roos, Jr.’s heirs acquired the right.
• Considering that servitudes, as restraints on -the free disposal and use of property, are not favored by law, and that any doubt as to the existence of any servitude is to be resolved in favor of the servient estate, I find that the right of use conveyed to Armand W. Roos, Jr., by the 1984 Act of Exchange was not satisfactorily transferred, to the McLemores.
APPLICATION FOR REHEARING
Before BROWN, MOORE, LOLLEY, PITMAN and CALLOWAY (Pro Tempore), JJ.
Rehearing denied.
BROWN, C. J., would grant rehearing.