342 So.2d 1153 (1977)
UNITED STAGE EQUIPMENT, INC.
v.
CHARLES CARTER & COMPANY, INC., et al.
No. 11151.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
*1154 James E. Toups, Jr., Baton Rouge, of counsel, for plaintiff United Stage Equipment, Inc., appellee.
Walton J. Barnes, George L. Clauer, III, Baton Rouge, of counsel, for defendant Charles Carter & Co., Inc., appellant.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is an action ex contractu brought by United Stage Equipment, Inc., (hereinafter sometimes referred to as United) against Charles Carter & Company, Inc., (hereinafter sometimes referred to as Carter) and Insurance Company of North America for the alleged balance due on a subcontract. Carter filed a reconventional demand against United alleging damages. The Trial Court rendered judgment in favor of plaintiff and against the defendants in solido in the sum of $695.00 together with interest and costs. Defendants appealed and plaintiff answered the appeal seeking an increase in the amount of the judgment in its favor.
Carter was the general contractor for the L.S.U. Field House owned by Louisiana State University. United entered into a subcontract with Carter to furnish and install divider curtains which would separate the playing areas in the Field House for a contract price of $33,622.00 to which amount change order 1 added the sum of $215.00 making the total contract amount $33,837.00. Change order 2, which is in dispute, added the sum of $600.00 for expenses which plaintiff claims were unnecessarily caused by Carter. It was stipulated that the full contract price, including change orders 1 and 2, amounted to $34,437.00 and that Carter made payments totaling $33,142.00, leaving the balance in dispute of $1,295.00. Said sum is made up of $695.00 allegedly due on the balance of the original contract price and $600.00 allegedly due for change order 2.
Carter answered and filed a reconventional demand contending that United is liable at the rate of $300.00 a day to plaintiff in reconvention for a 21 day delay amounting to $6,300.00. Carter also claimed attorney fees in the amount of $2,000.00.
The defendants filed an exception of no right or cause of action as well as defending on the basis that United, who was a nonresident corporation, had not complied with Louisiana law requiring a contractor to obtain a license, specifically LSA-R.S. 37:2151 et seq., the violation of which is a misdemeanor. It is defendants' position that plaintiff is not entitled or allowed to recover in a civil action for any undertaking which amounts to a crime.
In general terms our statute requires that a contractor as defined therein must obtain a license prior to doing business in Louisiana. LSA-R.S. 37:2160. To determine whether this statute is applicable, it is necessary that we first determine whether plaintiff is a contractor.
*1155 The Legislature at LSA-R.S. 37:2157A has defined a contractor for the purposes of licensing statute as:
"[A]ny person, firm, partnership, co-partnership, association, corporation or other organization, or any combination thereof, who, at a fixed price, commission, fee, wage or salary of thirty thousand dollars or more, undertakes, attempts, or submits a bid to construct, * * *, or furnishing labor, material or equipment and installing same for any building, * * * where the cost of same is thirty thousand dollars or more; * * *."
Therefore, we must conclude that the plaintiff herein is a contractor as defined above.
Generally, where the law contains a penalty for a failure to obtain a license it implies a prohibition to collect on the contract entered into or work done. A departure from this general rule is recognized, however, where the requirement of license is intended only as a revenue producing measure rather than as protection for the general public. Considering that the license fee is simply to help defray the cost of issuing the licenses and the administration thereof, LSA-R.S. 37:2156, we do not here find that the statute in question was ever intended as a revenue producing measure. Hence, the plaintiff did not have a license prior to its being awarded the contract in question, and thus it cannot maintain a civil action on the contract for money due.
Though we can find no cases dealing specifically with a non-licensed contractor attempting to either enforce a contract or collect on a quantum meruit basis, we are supported in our conclusion by cases applying similar statutes. See Jary v. Emmett, 234 So.2d 530 (La.App. 3rd Cir. 1970), writ refused 256 La. 374, 236 So.2d 502 (1970) wherein, an out of state architect not licensed in Louisiana was disallowed recovery on a quantum meruit basis, LSA-R.S. 37:141; Ronaldson v. Moss Watkins, Inc., 13 La.App. 350, 127 So. 467 (1st Cir. 1930), where an out of state certified public accountant not licensed in Louisiana was denied recovery, Act 125 of 1908 and Act 136 of 1924, now LSA-R.S. 37:71 et seq.; and see also a review of this subject matter entitled "Business License, Failure to Procure", 82 A.L.R.2d 1429.
Defendants-appellants also complain that the Trial Court erred in overruling its demand as plaintiff in reconvention for liquidated damages. Carter has been or expects to be assessed damages under the terms of its contract with L.S.U. for the late completion of the contract, but there is no showing that plaintiff was the cause of the delay. To the contrary, the record shows that plaintiff performed at the time requested to do so and was in no way responsible for Carter's tardiness.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court in favor of United Stage Equipment, Inc. and against the defendants, Charles Carter & Company, Inc. and Insurance Company of North America in solido in the amount of $695.00 is reversed, and in all other respects, the judgment of the Trial Court is affirmed. Plaintiff is to pay all costs of this appeal.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.