920 So.2d 938 (2006)
NORTHEAST REALTY, L.L.C., Plaintiff-Appellee
v.
MISTY BAYOU, L.L.C., et al, Defendants.
No. 40,573-CA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 2006.
*939 Mayer, Smith & Roberts, L.L.P., by David F. Butterfield, Shreveport, for Intervenors/Appellants, L.A. Investment Properties, Inc., Alva J. Antonini and Alfred J. Antonini.
Guerriero & Guerriero, by Joe D. Guerriero, Monroe, for Plaintiffs/Appellees, Northeast Reality, L.L.C., N. Edward Hakim, Joseph H. Hakim, and Sunset Realty, Inc.
Nanci S. Summersgill, Monroe City Attorney, for Intervenor/Appellee, City of Monroe.
Michael A. Courteau, Monroe, for Defendant/Appellee, Misty Bayou, L.L.C.
Before WILLIAMS, CARAWAY and PEATROSS, JJ.
CARAWAY, J.
Two former members of a limited liability company sought to intervene in this action involving that company. The trial court granted the plaintiff's exception of no cause of action to the claims presented by the intervention. We affirm.

Facts
This is an appeal of the trial court's dismissal of the claims of Alva J. Antonini and Alfred J. Antonini (hereinafter collectively "Antonini"), who belatedly attempted to intervene in this long-running action by plaintiff/appellee, Northeast Realty, L.L.C. ("Northeast") to quiet a tax title to Kingston Village Realty Apartments in Ouachita Parish. The trial court dismissed the intervention on the exception of no right of action.
Before the Antonini intervention, the tax title dispute had evolved into a contest between Northeast, as successor-in-title to an original 1996 tax sale purchaser, and Misty Bayou, L.L.C. ("Misty Bayou"), as successor-in-title to the original tax debtor, Kingston Village Realty Associates. Additionally, Misty Bayou had made certain reconventional claims against Northeast and other parties. Misty Bayou was owned until recently by Antonini, who apparently were the only members of the limited liability company.
In this complicated web of legal wrangling involving directly and indirectly this suit and two others, a most telling piece of related litigation is revealed in this court's prior decision in Hibernia National Bank v. Antonini, 37,836 (La.App.2d Cir.12/10/03), 862 So.2d 331. In that case, Northeast, which purchased Antonini's note and collateral mortgage from the bank, obtained appellate affirmation of a $397,833.83 judgment against the debtor, Antonini. Admittedly, because of that debt, Northeast took an alternate course to end this long-running tax title dispute by executing the judgment and foreclosing on Antonini's ownership interest of Misty Bayou. Upon a sheriff's sale of that interest *940 in January 2004, Northeast purchased the Antonini interest in the limited liability company. Additionally, in one last ditch effort by Misty Bayou to prevent the Kingston Apartment property claims from falling into the control of the seizing creditor of Antonini, Misty Bayou sold the immovable property and its claims in this quiet title suit to L.A. Investment Properties, Inc. ("LAIP") on January 2, 2004, immediately before the aforesaid sheriff sale, which placed control and ownership of Misty Bayou in Northeast. This effort, however, failed as Northeast soon succeeded in having those litigious rights redeemed through an action against LAIP, which is now resolved and no longer a part of this dispute.
Northeast's exception of no right of action states that "the transfer from Misty Bayou, L.L.C. to the intervenor L.A. Investment Properties, Inc. was a fraudulent attempt to deprive Northeast Realty, L.L.C. of the ownership of the assets of Misty Bayou, L.L.C., as at the time of the transfer, all of the membership interest in Misty Bayou, L.L.C. was under seizure under a Judgment in favor of Northeast Realty, L.L.C. and against Alfred J. Antonini and Alva J. Antonini (comprising 100% of the membership of Misty Bayou); and, the Antoninis were fully aware of the sale date of the membership of Misty Bayou, L.L.C. at the time they entered into the sale of the rights of the instant lawsuit of Misty Bayou, L.L.C. to L.A. Investment Properties, Inc." The trial court sustained the exception of no right of action and dismissed Antonini from the suit. This appeal followed.

Discussion
An action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n, 94-2015 (La.11/30/94), 646 So.2d 885; Jones v. Bethard, 39,575 (La.App.2d Cir.4/13/05), 900 So.2d 1081; Elmore v. Kelly, 39,080 (La. App.2d Cir.12/15/04), 889 So.2d 1173; Sustainable Forest, L.L.C. v. Harrison, 37,152 (La.App.2d Cir.5/22/03), 846 So.2d 1283. In deciding whether a petition states a cause of action, the court must accept well-pleaded allegations of fact as true, and the issue on the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Edmonds v. City of Shreveport, 39,893 (La. App.2d Cir.8/31/05), 910 So.2d 1005; Martin v. Martin, 39,631(La.App.2d Cir.5/18/05), 903 So.2d 619, writ denied, XXXX-XXXX (La.6/22/05), 904 So.2d 714; Elmore v. Kelly, supra.
A limited liability company has the power provided for a corporation organized under our Business Corporation Law and a partnership under the Civil Code, as set forth in La. R.S. 12:1301, et seq. La. R.S. 12:1303. As such, it is a separate legal entity distinct from its member owners. La. R.S. 12:1301(10). A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company. La. R.S. 12:1320(C). A membership interest in a limited liability company shall be an incorporeal movable. A member shall have no interest in limited liability company property. La. R.S. 12:1329.
*941 In this proceeding, the ownership claim to the disputed apartment complex property and the reconventional demands asserted by Misty Bayou were the property of the limited liability company known as Misty Bayou. Alfred J. Antonini and Alva J. Antonini may not intervene to assert those claims as members (now former members) of the limited liability company because the evidence demonstrates the disputed property interests are the property of a separate legal entity.
Accordingly, the ruling of the trial court granting the exception of no right of action is affirmed. Costs of appeal are assessed to appellants.
AFFIRMED.