BROWN, Chief Judge.
 

 h Caruthers Producing Co., Inc. (“Ca-ruthers”), obtained a money judgment for $139,225.49 against Double-Eight Oil and Gas, L.L.C. (“Double-Eight”). This court affirmed the decision of the trial court and the judgment became final. Faced with an insolvent judgment debtor, Caruthers filed a pleading in the same suit entitled “Motion/Petition to Hold Principals, Thomas Scott Perniei and Frank Richard Perniei, Responsible For Judgment Against Double-Eight Oil And Gas, L.L.C.” (“Motion/Petition”). The Pernicis filed a peremptory exception of no right of action. The trial court denied the exception and the Pernicis asked this court to exercise its supervisory jurisdiction to review the denial. We granted the writ and docketed the matter and now reverse.
 

 FACTS
 

 Double-Eight, who owned a 70% working interest in two gas wells in Bossier Parish, filed suit for damages against Ca-ruthers, the operator of the wells. Ca-ruthers filed a reconventional demand for nonpayment of services and materials. The trial court rejected the demands of Double-Eight and granted judgment to Caruthers on its reconventional demand in the amount of $139,225.49. An appeal was
 
 *756
 
 taken. The trial court’s judgment was affirmed and became final.
 
 Double-Eight Oil and Gas v. Caruthers Producing Co., Inc.,
 
 41,451 (La.App. 2d Cir.11/20/06), 942 So.2d 1279.
 

 The judgment creditor, Caruthers, found that it was unable to collect its judgment from Double-Eight. Caruthers then filed, in the same action, a Motion/Petition to collect from the members of Double-Eight. This motion stated that Double-Eight was owned 50% by Thomas Scott Pernici and 50% Isby Frank Richard Pernici, and these two were made additional defendants. The pleading alleged Double-Eight’s assertion that it had no money to pay the judgment and that at the time the litigation commenced it had no funds or sources of revenue. This pleading also stated that the Pernicis funded and directed this complex and time-consuming litigation with the intention of avoiding the payment of any award Caruthers might obtain. The pleading asked the trial court to “pierce the corporate veil” of Double-Eight.
 

 The Pernicis initially filed a peremptory exception of
 
 no cause
 
 of action, contending that Caruthers did not allege a legally cognizable claim to pierce the liability shield of a limited liability company. The trial court denied the exception of no cause of action.
 

 Thereafter, the Pernicis filed an exception of
 
 no right
 
 of action, citing La. R.S. 12:1320, which provides that a member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company except for internal disputes. The trial court characterized the exception as one of improper cumulation of actions or improper joinder of parties and denied it. The trial court reasoned that such an exception was dilatory and, when not timely raised, was waived. The Pernicis filed a writ application which this court granted and then docketed.
 

 Discussion
 

 The trial court’s characterization of the exception as an improper cumulation of actions or joinder of parties was incorrect. Caruthers is a judgment creditor, having obtained a judgment against Double-Eight, ajjlimited liability company. That judgment was final and collection efforts were unsuccessful. Caruthers then attempted in the same lawsuit to add the Pernicis as defendants for collection purposes. Despite the long pendency of the original lawsuits, the Pernicis were never named as parties thereto.
 

 La. C.C.P. art. 1951 provides:
 

 A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
 

 (1) To alter the phraseology of the judgment, but not the substance; or
 

 (2) To correct errors of calculation.
 

 Substantive changes to a final judgment are null.
 
 Barbe v. A.A. Harmon & Co.,
 
 94-2423 (La.App. 4th Cir.01/07/98), 705 So.2d 1210,
 
 writ denied,
 
 98-526 (La.05/15/98), 719 So.2d 462. The addition of parties to a final judgment is an alteration in the substance of a judgment. In
 
 Barbe, supra,
 
 the appellate court found that the trial court lacked the authority to amend its own judgment to add shareholders’ wives as judgment debtors as the amendment was not to correct phraseology or an error of calculation but constituted a substantive change. In
 
 Frisard v. Autin,
 
 98-2637 (La.App. 1st Cir.12/28/99), 747 So.2d 813,
 
 writ denied,
 
 00-0126 (La.03/17/00), 756 So.2d 1145, the appellate court found that amending the judgment to add the judgment debtor’s spouse without the consent of the parties was an impermissible substantive change rather than
 
 *757
 
 the correction of a clerical error, and thus was an absolute nullity, even though a prior paragraph of the original judgment noted that the judgment should be entered against both spouses.
 

 |/The addition of a party to a judgment is a change of substance and not one of phraseology which can only be accomplished by motion for a new trial or on appeal.
 
 Teague v. Barnes,
 
 519 So.2d 817 (La.App. 5th Cir.1988). To alter the substance of a judgment, the proper recourse is to file a timely application for a new trial or to timely appeal.
 
 Magill v. State, Dept. of Public Safety and Corrections,
 
 27,802 (La.App. 2d Cir.01/24/96), 666 So.2d 1260.
 

 Further, limited liability companies provide their members with a shield against liability. La. R.S. 12:1320 provides:
 

 § 1320. Liability to third parties of members and managers
 

 A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter
 
 shall at all times be determined solely and exclusively by the provisions of this Chapter.
 

 B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
 

 C.
 
 A member, manager, employee, or agent of a limited liability company is not a proper party
 
 to a proceeding by or against a limited liability company, except when the object is to enforce such a person’s rights against or liability to the limited liability company.
 

 D.Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him. (Emphasis added).
 

 |5La. R.S. 12:1320(A) provides an exclusivity rule that liability of L.L.C. members shall at all times be determined solely and exclusively by the provisions of this chapter. La. R.S. 12:1320(B) states that no member is liable for a debt of the L.L.C. La. R.S. 12:1320(C) states that a member of an L.L.C. is not a proper party to a proceeding by or against an L.L.C.
 

 La. R.S. 12:1320(D) was amended in 1993 to provide for a separate action against a member under circumstances such as fraud, breach of professional duty, or negligent or wrongful acts. It did not alter or change the exclusivity or not-a-proper-party rule. Glenn G. Morris and Wendell H. Holmes, Business Organizations § 44.06, in 8
 
 La. Civ. L. Treatise
 
 (2008).
 
 [1]
 

 The function of the exception of no right of action is to determine whether the
 
 *758
 
 plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.
 
 Northeast Realty, L.L.C. v. Misty Bayou, L.L.C.,
 
 40,573 (La.App. 2 Cir. 1/25/06), 920 So.2d 938. A limited liability company has the power as set forth in La. R.S. 12:1301, et seq. As such, it is a separate legal entity distinct from its member owners. La. R.S. 12:1301(10). A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person’s rights against |
 
 nor
 
 liability to the limited liability company. La. R.S. 12:1320(C). The Pernicis’ exception of no right of action must be maintained
 

 Conclusion
 

 For the foregoing reasons, we reverse the denial and grant the exception of no right of action dismissing the claim against Thomas Scott Pernici and Frank Richard Pernici. Costs of this appeal are assessed equally between the parties.
 

 APPLICATION FOR REHEARING
 

 Before BROWN, WILLIAMS, STEWART, MOORE, and LOLLEY, JJ.
 

 |! Rehearing denied.
 

 [1]
 

 . "The not-a-proper-party rule may not necessarily operate in favor of the persons it seems designed to protect. The expense of multiple suits on closely-related claims arising out of the same event, transaction, or occurrence may help discourage suits against LLC members and managers, but it may also give the plaintiff multiple bites at the apple, and allow him to impose the expense of multiple trials on the defendants as well. If the suits are filed in the same court, the trials may be consolidated, in which case the multiple suit requirement will not have accomplished very much, while if they’re filed in different courts, consolidation would first seem to require a discretionary transfer of venue, followed by a consolidation.” 8
 
 La. Civ. L. Treatise
 
 § 44.06 at p. 3.